**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| SATNAM DISTRIBUTORS LLC, d/b/a | : |
| LION & BEAR DISTRIBUTORS | : CIVIL ACTION |
| | : |
| Plaintiff | : |
| | : NO. 14-CV-6660 |
| vs. | : |
| | : |
| COMMONWEALTH-ALTADIS, INC., | : |
| COMMONWEALTH BRANDS, INC., | : |
| ALTADIS, U.S.A., INC., | : |
| HAROLD LEVINSON ASSOCIATES, INC. | : |
| | : |
| Defendants | : |


**ORDER**


AND NOW, this      27th      day of June, 2018, upon

consideration of Defendant Harold Levinson Associates, Inc.'s

Motion for Sanctions (Doc. No. 129), Plaintiff's Response in

Opposition thereto and Defendant's Reply in Support of Motion and

Other Relief, it is hereby ORDERED that the Motion is DENIED[1].

---

[1] Defendant premises this Motion for Sanctions by which it seeks to strike Plaintiff's damages expert report and Plaintiff's designations as "Confidential-Attorneys' Eyes Only" of numerous portions of the deposition transcript of its principal, Harcharan Sachdev, on the so-called "alter ego" status of another owned by Sachdev's wife, PAC Store Distributors, LLC. Defendant avers that it was revealed during Sachdev's second deposition that most of the paper records relating to PAC Store's operations had been thrown away in the process of moving and the hard drive containing those and/or additional records had crashed.  Defendant submits that was spoliation of evidence on Plaintiff's part and also contends that PAC Store's failure to file tax returns constituted tax fraud on the part of Satnam such that the imposition of the sanctions sought is warranted.

The record produced by the parties relative to this motion reflects that Plaintiff was organized in 2009 as a wholesale, general merchandise distributor operating out of New York and that in 2009, Satnam did not sell mass market cigars. PAC Store was formed in early 2010 with the purpose of entering the mass market cigar business in Pennsylvania in response to the interest in buying tobacco products expressed by those customers to whom Satnam was then selling general merchandise.  Not long after it was formed,

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER,        J.

---

PAC Store began buying its mass market cigar inventory from wholesaler Satnam and re-selling product to its customers, the first of which were in Connecticut.  PAC Store ceased doing business sometime in mid-2012.  Sachdev testified that the two businesses shared a warehouse and although both he and his wife would enter data relative to both entities from either of two computers, each had its own hard drive on which that data was stored.  He further testified that the hard drive on which PAC Store's information was stored crashed and that the data could not be recovered, but Satnam's data for the period between 2010 and the present was intact.  He also testified that PAC Store has never filed tax returns.

Regardless of the questionable legality of PAC Store's failure to file tax returns for the years in which it was in operation and the truth or falsity concerning the loss of its records, the record produced by the parties in this action fails to support Defendant's claims that PAC Store was the "wholly-owned entity" of Satnam or that PAC Store was selling tobacco products to Satnam's customers at a profit.  To the contrary, all of the evidence on this issue reflects that while PAC Store was indeed owned by the same principals as Satnam, it was a separate entity which was at all times nothing more than a customer of Satnam which bought Commonwealth Altadis products from Satnam which it in turn, sold to its own customers.  Given that Satnam has agreed to withdraw from its damages claim any losses which it suffered as a result of its sales to PAC Store, we can find no grounds upon which to impose the sanctions requested by Defendant.